UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
: 
JAMES M. ARMSTRONG, : CASE NO. 1:17-CV-0764
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
MADISON TOWNSHIP POLICE, *et al.*, :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff James M. Armstrong filed this action against the Madison Township Police, Lake County Municipal Court Prosecutor Ron Graham, the Lake Effects Bar, Attorney John J. Spellacy, and Shawn Mihalik. In the Complaint, Plaintiff alleges prosecutors failed to pursue criminal charges against Mihalik after he attacked Plaintiff outside of the Lake Effects Bar, causing Plaintiff serious injury. He brings claims of assault, failure to prosecute, and negligence against the Defendants. He seeks monetary damages.

**I. Background**

Plaintiff contends he was injured on March 12, 2015. He was at the Lake Effects Bar with his friend, and noticed two young women seated at the bar who were receiving unwanted attention from Mihalik, the bar's cook. The women purchased drinks for Plaintiff and his friend, and his friend struck up a conversation with them. Plaintiff then observed Mihalik speaking to four other men and pointing at him. Sensing trouble, Plaintiff asked one of the women to give him a ride home and she agreed. He contends Mihalik and the four men

followed him to the door and pushed him out. He fell on his head and was then jumped by the four men and Mihalik, who continued to beat him. Plaintiff claims he suffered massive blood loss and severe brain injuries which nearly proved fatal.

Plaintiff alleges Mihalik was the only person arrested. Plaintiff contends Mihalik should have been indicted by a grand jury on charges of attempted murder; however, he was charged with felonious assault, and eventually pled down to a fourth degree misdemeanor. He claims the Madison police and the prosecutor did not carry out their duty to properly charge and prosecute Mihalik for his actions. He asserts the Lake Effects Bar is responsible for damages because they employed Mihalik as a cook. He further claims Spellacy, Mihalik's attorney, is liable to him for damages, because Spellacy is a prosecutor for the City of Parma and should not be representing a criminal Defendant.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

[2] *Neitzke*, 490 U.S. at 327.

suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.³ This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."⁴ A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.⁵ When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.⁶

### III. Analysis

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law.⁷ Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve.⁸ Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question.⁹ The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states."¹⁰ To establish diversity of citizenship, the

---

³ *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

⁴ *Iqbal*, 556 U.S. at 678.

⁵ *Id.*

⁶ *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

⁷ *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).

⁸ *Id.*

⁹ *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

¹⁰ 28 U.S.C. § 1332(a)(1).

Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of states different from the Plaintiff's state. The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint" establishes a cause of action that is based on federal law."[11]

Diversity of citizenship does not exist in this case. The Complaint, as written, suggests that the Plaintiff and Defendants are all citizens of Ohio.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. Even with the liberal construction given to *pro se* pleadings, Plaintiff failed to properly identify a federal question in this case and none is apparent on the face of the Complaint. Assault and negligence are torts that arise under Ohio law, not federal law. A victim of a crime has no right under federal law to the prosecution of suspects.[12] Plaintiff does not identify any other causes of action in his Complaint. This Court's jurisdiction cannot be based on the presentment of a federal question.

### IV. Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed under 28 U.S.C. §1915(e). This dismissal is without prejudice as to any state law causes of action that the Plaintiff may choose to file in state court. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be

---

[11] *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

[12] *See Miller v. Dowagiac Police Department*, No. 96-2141, 1997 WL 640127 (6th Cir. Oct 14, 1997)(acknowledging that victim of vandalism had no due process right to investigation and prosecution); *Pusey v. City of Younstown*, 11 F.3d 652, 656 (6th Cir. 1993)(finding that family of negligent homicide victim did not have a due process right to notification that the charges against the perpetrator were about to be reduced).

-4-

taken in good faith.[13]

      IT IS SO ORDERED.


Dated: August 2, 2017                       *s/    James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE

---

[13] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.